## In re DARLINGTON CO.

(District Court, E. D. New York. May 29, 1908.)

BANKRUPTCY—PROCEEDING FOR CONTEMPT—ADVERSE CLAIMANT OF PROPERTY.

The question whether the landlord of a bankrupt was guilty of contempt in refusing to permit the receiver to comply with an order of the court directing him to deliver certain property to a purchaser will not be determined summarily on affidavits, where there is a substantial controversy as to whether the receiver was in possession of the property, or whether it was in the possession of the landlord as a fixture.

In Bankruptcy. Proceeding for contempt.

Robert J. Fox, for petitioner.
William H. Hamilton, for respondents.

CHATFIELD, District Judge. The bankrupt went into possession of certain real estate under an arrangement which was intended to be consummated into a formal lease. Certain intricate relations between other parties and corporations existed preliminary to the situation which developed at the time of the bankruptcy. When a receiver was appointed, the owners of the building occupied by the bankrupt claim that they had already resumed possession. At any rate, the receiver took possession of the bankrupt's property in the building and used the building for the purpose of storage.

The Lamson Company made an arrangement with the bankrupt to install a cash carrier system and had begun its work. So much of the work as had been done is claimed by the Lamson Company to be admittedly not in the nature of fixtures, and not made a part of the real estate. The owners of the real property took possession of some goods under a sheriff's levy, but the cash carrier system does not seem to be a part of the chattels levied upon. Subsequently an arrangement was made with the receiver by which the Lamson Company was to remove the cash carrier system and to pay the bankrupt $300 for the old material, paying in addition to the $300, as a part of the price for the old cash carrier system, the value of the work that had been already expended for the bankrupt. Upon this arrangement an order was made directing the receiver to turn over

to the Lamson Company the cash carrier system and allow them to remove it from the premises. So far as he was able, the receiver carried out this arrangement; but the owners of the building stopped the removal, and have now been brought into court to be punished as for a contempt in interfering with the order directed to the receiver.

So far as any actual contempt is concerned, the owners of the building acted under advice of counsel and under a claim of title, and their contempt is not considered by the court to be willful or flagrant. But the question is rather, whether the owners of the real estate had the right to do as they presumed to do, and, if they had not that right, whether they should be punished for contempt, unless they purge themselves by complying with the order of the court. It is somewhat difficult to determine from the affidavits whether the receiver was actually in possession of the property in question, and, if he were not in possession, a question of title is certainly raised, which cannot be determined in a summary way. If he was in possession, then it would be necessary, through the contempt proceeding, to determine whether the receiver's title was superior to that of the owner of the real estate, and such a question would have to be determined on the taking of testimony, rather than upon affidavits. Further, if the receiver did not have a right to the possession of the property, and it belonged to the owner of the building, a readjustment may have to be made of the terms under which the $300 was paid to the receiver.

Under all the circumstances, it seems best to send the question of possession to a commissioner, to determine upon the hearing of testimony, and the application to punish for contempt will be held until it is determined whether the respondents must purge themselves from that contempt before disposing of the application. The claimant may still, if it sees fit, bring suit for the goods it claims in any court having jurisdiction, and, if so, no reference will be ordered. If a reference is had, the question of title may also be considered, if the owners of the building assent thereto.